UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS RAMIREZ,<br><br>Defendant. | No. 2:11-CR-00190-MCE<br><br>**ORDER** |

Defendant Nicholas Ramirez ("Defendant") pleaded guilty to Possession with Intent to Distribute Methylenedioxymethamphetamine ("MDMA") in violation of 21 U.S.C. § 841(a)(1). He was sentenced on June 20, 2019, to sixty-three (63) months of imprisonment. Presently before the Court is Defendant's Emergency Motion to Reduce or Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(I). ECF No. 414. The Government opposes Defendant's request. ECF No. 423. For the reasons that follow, his Motion is DENIED.

Defendant contends that "extraordinary and compelling circumstances" exist such that he should be released prior to his current anticipated release date in May 2022. More specifically, according to Defendant, he has asthma and as a child, it "was so severe he had to be hospitalized." Mot., ECF No. 414, at 9. Although Defendant's asthma "has improved with age, his condition persists, and he presently controls his

1

flare-ups with an inhaler." Id. According to Defendant, "[a]s an inmate with asthma housed in an open-plan dormitory at the Lompoc prison complex, [Defendant] is among those with the highest risk of death or serious illness from COVID-19." Id. at 11.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations in original; quoting 18 U.S.C. § 3582(b)). Those circumstances are delineated in 18 U.S.C. § 3582(c). "Effective December 21, 2018, the First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to permit an inmate, who satisfies certain statutorily mandated administrative procedures, to file a motion with the district court for compassionate release." Riley v. United States, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). That statute now provides:

> **(c) Modification of an imposed term of imprisonment**.—
> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

///

2

"Thus, the First Step Act amended § 3852(c)(1)(A) to allow prisoners to directly petition a district court for compassionate release, removing the BOP's prior exclusive gatekeeper role for such motions." Riley, 2020 WL 1819838, at *5. "The statute now provides the court with authority to reduce a sentence upon the motion of a defendant if three conditions are met: (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement." Id. (footnote omitted).

The starting point for the policy statement referenced in the third prong is United States Sentencing Guidelines ("USSG") § 1B1.13, which provides:

> [T]the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

Since Defendant is less than 70 years old and was not sentenced pursuant to 18 U.S.C. § 3559(c), he is only "entitled to relief if he demonstrates that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) he is not a danger to the safety of others or the community, and (3) any requested reduction is consistent with the policy statement." Riley, 2020 WL 1819838, at *6.

"The Sentencing Commission's application notes to this policy statement provide further guidance." Id. Indeed, the notes explain that "extraordinary and compelling reasons" exist when:

> (A) Medical Condition of the Defendant.
>
> . . . .
>
> > (ii) The defendant is—
> >
> > > (I) suffering from a serious physical or medical condition,
> > >
> > > (II) suffering from a serious functional or cognitive impairment, or
> > >
> > > (III) experiencing deteriorating physical or mental health because of the aging process,
> > >
> > > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1 (emphasis added).

Here, Defendant contends that he suffers from a serious physical or medical condition that makes him particularly vulnerable to COVID-19 such that he qualifies for release. Defendant bears the burden of showing he is consequently entitled to relief, United States v. Holden, 2020 WL 1673440, at *3 (D. Or. Apr. 6, 2020), and he has not met that burden here.

Defendant has failed to demonstrate that his asthma substantially diminishes his ability to provide self-care. Although he was hospitalized as a child, Defendant himself states that his asthma has improved with age and that he "presently controls his flare-ups with an inhaler." Def.'s Mot. at 9. Defendant has not shown that, to the contrary, he is unable to adequately manage and/or treat his medical condition, especially given that he has received care in prison for his asthma. Def.'s Mot. at 9; see Ex. 5, ECF No. 421, at 2.

Regardless, the Court also finds that Defendant remains a danger to society. This case arose out of "a large-scale, interstate drug trafficking ring in which [Defendant]

was a significant supplier." Gov. Opp. at 11. The Government describes the crime as follows:

> [Defendant] was charged after extensive DEA wiretaps of his phones uncovered that [Defendant] had a sizable drug operation in Oklahoma City, for which he was also prosecuted in federal court as part of a 147-count Indictment. PSR ¶¶ 13-17. As part of that operation, [Defendant] conspired with a member of the Bloods street gang to distribute MDMA on the streets. PSR ¶ 13-17. In that criminal episode, [Defendant] distributed "more than 36,000 pills of MDMA and 5.6 kilograms of marijuana" and laundered "$29,000 in deposited drug proceeds," as well as being assessed an aggravating role enhancement by the district court in Oklahoma City. PSR ¶ 14. Given the massive breadth of [Defendant's] criminal activities, he remains a danger after serving a portion of his prison sentence.

Id. While the Court commends Defendant for his record in prison and encourages him to continue to try to better himself in anticipation of his eventual release, based on this history, the Court can only conclude that Defendant remains a danger to society.

Based on the foregoing, the Court finds that release would be inappropriate and Defendant's Emergency Motion to Reduce or Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(I) (ECF No. 414) is thus DENIED.

IT IS SO ORDERED.

Dated: September 14, 2020

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

5